## BATCHELDER v. DEAN.

An agreement by indenture between a lessor and lessee, that the latter may
  continue to occupy the premises after the expiration of the term, until
  he shall be remunerated from the rents and profits for certain improve-
  ments stipulated to be made, entitles the lessee to retain such possession
  against one claiming under the lessor, whether such agreement enure
  by way of a lease or an estoppel.

WRIT OF ENTRY to recover a tract of land in Milford.
Plea the general issue.

It appeared in evidence that prior to May 19, 1836,
Putnam Tyler was seized of the premises, and on that
day mortgaged the same to Jonathan Keyes and Solomon
K. Livermore to secure a debt due to them.   On the 27th
of April 1839 Keyes and Livermore leased the premises
to the defendant, for the term of four years from the first
of said April, at the annual rent of $200, and agreed in
the lease that the defendant might make certain altera-
tions and improvements on the buildings, the expense of
which, not exceeding the sum of $600, was to be allowed
in the payment of the rents.

On the 14th of August 1839 the lessors by a further
indenture between them and the defendant, agreed that
he might erect a new stable and make such farther im-
provements in and about the premises as might be found
necessary and proper, not exceeding in the expenses the
sum of four hundred dollars in addition to the sum of six
hundred dollars authorized by the lease ; and by the same
instrument the parties to it agreed that it should be op-
tional with Keyes and Livermore to pay the defendant
at the expiration of the term the balance which would
then be due him for expenditures in and about the prem-
ises, calculating according to the stipulations in the lease,
or to allow him to continue to occupy the premises until

. he should be remunerated by the rent, use, and occupation.

On the 21st of January 1843 Keyes and Livermore assigned the mortgage to the plaintiff, who at the expiration of the term entered and gave the defendant notice to quit. This the defendant refused to do, unless the balance of the expenditures incurred by him under the provision of the indenture of August 14, 1839, amounting as he alleged to the sum of $200, were first paid to him.

The defendant offered to prove that he had expended at that time the sum of $200 in repairs, over and above the rents, which evidence for the purpose of this trial was rejected, and a verdict taken for the plaintiff by consent, subject to the opinion of the Superior Court upon the foregoing case.

If the court should be of the opinion that the defendant was entitled to retain possession, until any balance which he might have expended over and above the rents for the term of four years, should be paid to him or received by the use and occupation, an auditor is to be appointed to state the accounts between the parties, otherwise judgment to be rendered on this verdict.

*Farley,* for the plaintiff.

*Parker & Haseltine,* for the defendant.

GILCHRIST, J. On the 29th of April 1839 Keyes and Livermore being in possession of the demanded premises under the mortgage of Putnam Tyler, by indenture leased the same to the defendant for a term of four years, at an annual rent of $200, of which a part not to exceed $600, was to be paid in making certain alterations and improvements.

On the 14th of August following another indenture was made between the same parties, by which it was agreed

that the defendant might at an expense not exceeding $400 more, make further improvements such as were specified in the indenture ; and if the expense of all the improvements actually made should amount to more than the accumulated rents of the term, the lessors were bound either to pay the defendant that excess, or permit him to occupy the premises for such additional term, as would at the stipulated rent afford him a remuneration for his outlay. The option lay with the lessors.

In this state of things, if the lessors had sought, at the termination of the lease for four years, to recover possession of the premises, without first paying or offering to pay the expense of the repairs made beyond the amount of the rents that had accrued, the question would have arisen upon the effect of the indenture of August 14 ; and the rule of law in general is, that where a party has covenanted to do or not to do a particular thing, his covenant may be set up in bar of an action brought, or a defence interposed by him contrary to its tenor; as where one has covenanted not to sue another upon a particular contract or cause of action, his covenant shall operate as a release, if such were its intentions, and as a bar to the maintenance of the suit. *Fowell* v. *Forrest*, 2 Saund. 48 ; *Smith* v. *Mapleback* 1 T. R. 446 ; *Parker* v. *Holmes*, 4 N. H. 96 ; *Durell* v. *Wendell*, 8 N. H. 372.

Or when one has covenanted to warrant a title, he shall be estopped thereby to claim the land. The reason assigned is, in the words of Lord Coke, " for avoiding circuity of action, which is not favored in law, as he that made the warranty should recover the land against the ter-tenant, and he by force of the warrantie to have as much in value against the same person." Co. Lit. 265 ; *Bates* v. *Norcross*, 17 Pick. 14.

In short the lessors in the event supposed, would be estopped by their covenant from maintaining their action, even if the effect of the indenture taken in connection

with the actual possession of the defendant after the expiration of the term of four years, did not independently of the estoppel vest in him the term and estate for the period necessary to secure the remuneration contemplated in the indenture. For a lease for years may commence *in futuro* and may be good, although its duration may require to be settled by some thing dehors the lease itself. 2 Black. Com. 143, 144; Shep. Touch. 270; *Harris* v. *Evans,* 1 Wils. 262.

In either form the defendant would have an estate or interest which the lessors could not divest but by the payment or tender of the money. Neither could they assign to these plaintiffs the power to do so; for where one is bound by an estoppel in respect to land, those having his estate are likewise bound. *Bates* v. *Norcross,* 17 Pick. 14.

We are therefore of the opinion that the defendant ought at the trial to have been permitted to show that there was a sum due him, for which he had a right under the indenture to retain possession of the land; consequently that the verdict must be set aside, and judgment for the plaintiff be rendered upon the payment of such sum as the auditor shall find due to the defendant.